**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **NICHOLAS MATTHEW HALL,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 16-cv-0806-MJR** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**ORDER ON *JOHNSON*-BASED PETITION**
**TO VACATE/CORRECT SENTENCE UNDER 28 U.S.C. 2255**

**REAGAN, Chief Judge:**

A.    **Introduction**

In Case No. 10-cr-30019-MJR ("the underlying case"), Nicholas Matthew Hall and co-Defendant Jonathan Bohn were indicted on two charges of bank robbery in violation of 18 U.S.C. 2113 (Count 1 and 2) and one charge of carrying and using a firearm during a crime of violence in violation of 18 U.S.C. 924(c) (Count 3).  All three counts alleged that Hall aided and abetted Bohn in the commission of the crimes.

In October 2010, Hall pled guilty to the charges, via a written plea agreement and stipulation of facts.  In January 2011, the undersigned sentenced Hall to 70 months in prison on Counts 1 and 2 (running concurrently with each other) plus 84 months in prison on Count 3 (running consecutively to the 70-month term).  This resulted in a total term of imprisonment of 154 months, and was followed by a 5-year term of supervised release.  Judgment was entered February 7, 2011.

No appeal was taken.  On July 18, 2016, Hall filed a petition to vacate, set aside, or correct his sentence under 28 U.S.C. 2255, which was opened as the above-captioned civil case.  The petition is based on *Johnson v. United States,* **-- U.S. --, 135 S. Ct. 2551 (2015),** which found unconstitutional the residual clause of the Armed Career Criminal Act, 18 U.S.C. 924(e)(2)(B)(ii), and *Welch v. United States,* **-- U.S. --, 136 S. Ct. 1257 (2016),** which held *Johnson* retroactively applicable to cases on collateral review.

On threshold review under Rule 4 of the Rules Governing Section 2255 Proceedings, the undersigned did not summarily dismiss the petition.  The Court ordered briefing but noted two potential obstacles to relief – (1) Hall's petition may have been filed outside of the limitation period set in 28 U.S.C. 2255(f); and (2) Hall's petition may be barred by a waiver provision contained in the plea agreement.  The undersigned directed the parties to address these issues in their briefs, i.e., the timeliness of Hall's petition, the effect of the waiver provision, and whether Hall has a viable *Johnson*-based claim for relief.

Pursuant to Administrative Order 176, the Court appointed the Federal Public Defender's Office for the Southern District of Illinois to assist Hall in presenting any valid *Johnson*-based argument.  Assistant Federal Public Defender Daniel G. Cronin entered his appearance on Hall's behalf, and briefs were filed as follows:  Mr. Cronin's brief on behalf of Petitioner Hall (Doc. 5), a permitted *pro se* supplement filed by Petitioner Hall in letter form (Doc. 6), the United States' response (Doc. 8), and a reply brief by Mr. Cronin on Hall's behalf (Doc. 9).  The matter was fully ripe on November 14, 2016.  For the reasons stated below, the Court denies the petition.

### B.   Evidentiary Hearing

Under Rule 8(a) of the Rules Governing Section 2255 Proceedings, this Court must determine whether an evidentiary hearing is warranted.   Not every petition warrants a hearing.  *Boulb v. United States,* **818 F.3d 334, 339 (7th Cir. 2016).  *See also Martin v. United States,* 789 F.3d 703, 706 (7th Cir. 2015) ("It is well-established that a district court need not grant an evidentiary hearing in all § 2255 cases," such as where the record conclusively shows the prisoner is not entitled to relief.); *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006) (to justify a hearing, petition must be accompanied by a detailed affidavit which shows that the petitioner has actual proof of the allegations going beyond mere unsupported assertions).**  The record before this Court conclusively reveals that Hall is not entitled to relief, so no hearing is needed.

### C.   Timeliness of Petition

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year period of limitations for prisoners to file petitions seeking to modify or vacate their sentences under 28 U.S.C. 2255. Usually the period runs from the date on which the judgment of conviction became final.   **28 U.S.C. 2255(f);** *Clay v. United States,* **537 U.S. 522, 524 (2003).**

The one-year limitation period is triggered by the latest of four events:

(1)  the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**28 U.S.C. 2255(f).**

The statute does not provide for extensions of time. However, the limitation period is procedural not jurisdictional, and it can be equitably tolled. *Boulb,* **818 F.3d at 339,** *citing Holland v. Florida,* **560 U.S. 631, 645, 649 (2010).**

Hall's judgment in the underlying case was entered on February 7, 2011. The petition obviously was not filed within one year of his judgment of conviction becoming final. But Hall invoked *Johnson,* and he had had one year from the date that decision was announced (June 26, 2015) to file his petition, since § 2255(f)(3) "allows a fresh year from 'the date on which the right asserted was initially recognized by the Supreme Court, if that right has been … made retroactively applicable to cases on collateral review.'" *Stanley v. United States,* **827 F.3d 562, 564 (7th Cir. 2016),** *quoting* **28 U.S.C. 2255(f)(3)**.

Hall's § 2255 petition was received in the Clerk's Office on July 18, 2016. As suggested in the threshold review Order, the Court applies the "prison mailbox rule,"[1]

---

[1]     Established in *Houston v. Lack,* **487 U.S. 266, 275-76 (1988),** and codified in Federal Rule of Appellate Procedure 4(c), the mailbox rule provides that a prisoner's notice of appeal is deemed filed at the moment the prisoner places it in the prison mail system, rather than when it reaches the clerk's office, if certain requirements are met. Specifically, if the prison has a legal mail system, the prisoner must use it. If the prison has no such system, the prisoner must execute a declaration in compliance with 28 U.S.C. 1746 or a notarized statement, stating the date of deposit and attesting that first class postage has been prepaid. *Hurlow v. United States,* **726 F.3d 958, 962 (7th Cir. 2013),** *citing United States v. Craig,* **368 F.3d 738, 740 (7th Cir. 2004), and** FED. R. APP. P. 4(c)(1).

using the date Hall gave his petition to prison authorities as opposed to the date is was received by the clerk's office.  *See* **Rule 3(d) of RULES GOVERNING SECTION 2255 PROCEEDINGS;** *Boulb,* **818 F.3d at 338, n.3.**

The certificate of service on Hall's petition attests that he placed the petition in the prison mailing system on July 13, 2016.  That date, too, is outside the fresh one-year period triggered by *Johnson,* which ended on June 26, 2016.  So the petition is time-barred unless saved by the doctrine of equitable tolling.

To qualify for equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Boulb,* **818 F.3d at 339-40,** *quoting Holland,* **560 U.S. at 649.**  As noted above, equitable tolling is rarely applied; it is reserved for extraordinary circumstances "far beyond the litigant's control that prevented timely filing."  *Boulb,* **818 F.3d at 340,** *quoting Socha v. Boughton,* **763 F.3d 674, 684 (7th Cir. 2014).**

In *Boulb,* **818 F.3d at 340-41,** the Court rejected the argument that equitable tolling applied where the petitioner's mental deficiencies may have affected his ability to comply with the filing deadline.  Likewise, in *Nolan v. United States,* **358 F.3d 480, 486 (7th Cir. 2004),** the Seventh Circuit declined to apply equitable tolling.

---

The rule has been extended beyond notices of appeal to many district court filings.  *See Taylor v. Brown,* **787 F.3d 851, 858-59 (7th Cir. 2015).**  For instance, Rule 3(d) of the Rules Governing Section 2255 Proceedings mirrors the provision of Appellate Rule 4(c), deeming a confined person's § 2255 petition timely if deposited in the institutional legal mail system on or before the last day for filing (and requiring the declaration/ notarized statement if the institution lacks a system designed for legal mail).

The Court in *Nolan* clarified that equitable tolling *does* apply to § 2255 petitions but found the petitioner not entitled to application of the doctrine, because the reasons offered for his late filing fell "far short of what is needed to justify tolling the statute of limitations … [and were] not the kind of case-specific, unanticipated circumstances we have required."   Indeed, the Court remarked:   "Equitable tolling of the statute of limitations is such exceptional relief that 'we have yet to identify a circumstance that justifies equitable tolling in the collateral relief context'" such as a § 2255 petition. *Nolan,* 358 F.3d at 484, *quoting Modrowski v. Mote,* 322 F.3d 965, 967 (7th Cir. 2003). Similarly, in *Tucker v. Kingston,* 538 F.3d 732, 734 (7th Cir. 2008), in the context of a § 2254 habeas petition, the Seventh Circuit declared as to equitable tolling being applied on collateral review:   "Indeed, we have yet to identify a petitioner whose circumstances warrant it."

*Nolan* was a 2004 decision.   *Kingston* came four years later.   Two 2014 Seventh Circuit cases shed light on what might warrant equitably tolling the statute of limitations for a habeas petition.   In *Davis v. Humphreys,* 747 F.3d 497, 500 (7th Cir. 2014), the Court held that mental incompetence *could,* on the right set of facts, satisfy the equitable tolling doctrine.[2]   In *Socha,* the Court emphasized that each of several facts standing alone – e.g., a prisoner's incarceration, his placement in administrative segregation, his lack of legal training, his lack of representation – did not justify equitable tolling, but a combination of such factors *might* piece together to form a whole

---

[2]     The Seventh Circuit remanded the case for the district court to hold an evidentiary hearing to see whether the particular petitioner's mental limitations justified tolling the limitations period.  *Davis,* 747 F.3d at 499-500.

that did support application of the doctrine. "The mistake made by the district court …

was to conceive of the equitable tolling inquiry as the search for a single trump card,

rather than an evaluation of the entire hand that the petitioner was dealt." *Socha*, **763**

**F.3d at 686.** The lesson of *Socha* is that in assessing equitable tolling, the district court

must use a flexible, fact-specific standard that encompasses all of the petitioner's

circumstances and the cumulative effect they had on his ability to timely file. *Id.*

Five months ago, in the analogous context of a § 2254 petition, the Seventh

Circuit summarized:

> Although not a "chimera—something that exists only in the imagination,"
> *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014), equitable tolling is an
> extraordinary remedy that is "rarely granted." *Obriecht v. Foster*, 727 F.3d
> 744, 748 (7th Cir. 2013)…. A habeas petitioner is entitled to equitable
> tolling only if he shows "(1) that he has been pursuing his rights
> diligently, and (2) that some extraordinary circumstance stood in his way
> and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649….
>
> The habeas petitioner bears the burden of demonstrating both elements of
> the *Holland* test. *Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008). If the
> petitioner cannot demonstrate either of the two elements, then equitable
> tolling will not be applied. *Menominee Indian Tribe of Wisconsin v. United
> States*, –– U.S. ––, 136 S. Ct. 750, 755–56 … (2016); *Lawrence v. Florida*, 549
> U.S. 327, 336–37 … (2007) (rejecting equitable tolling without addressing
> diligent pursuit because the petitioner clearly could not demonstrate
> extraordinary circumstances).

*Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016).

The <u>diligence</u> prong requires the petitioner to demonstrate that he was

reasonably diligent in pursuing his rights "throughout the limitations period and until

he finally filed his untimely habeas petition…." *Id.* And the <u>extraordinary</u>

<u>circumstances</u> prong requires the petitioner to show that the circumstances that caused

his delay (preventing the timely filing) were "both extraordinary *and* beyond [his] control." **Carpenter, 840 F.3d at 872, *quoting Menominee Indian,* 136 S. Ct. at 756.**

Ultimately, the Court in **Carpenter** held the petitioner not entitled to equitable tolling of the limitations period.  *Id.*  The Seventh Circuit found the petitioner did not exercise reasonable diligence in filing his petition.  The Court also concluded that the combination of circumstances cited by the petitioner (lack of legal training, lack of appointed counsel during portions of his appeal process, physical and mental health issues, removal from his correctional facility to address health problems, inability to obtain a loan, and conflicts with appointed counsel during his appeal) were "nothing but ordinary" and did not justify tolling the statute of limitations.  **Carpenter, 840 F.3d at 872-73.**

The undersigned reaches the same conclusion as to Hall's petition.  The dual reasons offered in defense of Hall's untimely filing (submitted via *pro se* letter which the undersigned permitted as a supplement to the petition) are (1) he was in administrative segregation unable to get into his property and "mail the paperwork … until the date had passed," and (2) his lack of understanding of the holding of **Johnson** – "If I would have known the *Johnson* case dealt w/ a 924c I would have sent [the petition] off a lot sooner" (Doc. 6, p. 1).  These reasons fall short.

A petitioner's lack of legal training or knowledge of the ramifications of a Supreme Court decision does not suffice for equitable tolling.  There is nothing extraordinary about this.  As to Hall's placement in administrative segregation, that

alone is not enough and is not extraordinary.  *See Socha*, **763 F.3d at 685.**  Nor does the combination of these facts support equitable tolling.

Moreover, Hall has not shown diligent pursuit *throughout the limitations period*. The record indicates that Hall was in administrative segregation from May 31, 2016 through June 29, 2016 – 30 days in which he lacked meaningful access to legal materials. But Hall had over 11 months from when *Johnson* was handed down until he was placed in segregation (June 26, 2015 to May 31, 2016) to prepare and submit his petition. Hall's circumstances during *part* of the time the limitations clock was running (roughly the last four weeks) made it more difficult for him to timely file his § 2255 petition.  But Hall has not shown reasonably diligent pursuit *throughout the entire limitations period* plus truly extraordinary circumstances, such as the "nearly insurmountable" hurdles facing the petitioner in *Socha.  Id.* **at 686.**

For these reasons, the Court finds the doctrine of equitable tolling inapplicable and finds Hall's July 13, 2016 petition untimely.  The undersigned need go no further before dismissing the petition but briefly addresses other impediments to § 2255 relief.

### D.    <u>Waiver Provision</u>

If equitable tolling rendered Hall's petition timely-filed, another procedural obstacle would foreclose the relief he seeks.  Hall waived the right to collaterally challenge his sentence pursuant to 28 U.S.C. 2255.[3]

---

[3]      The plea agreement is Doc. 58 in the underlying case.  The stipulation of facts is Doc. 59 in the underlying case and also filed as Doc. 9-1 herein.

Hall executed a written plea agreement in which he acknowledged that he had the right to contest his sentence under Title 18 and Title 28, as well as certain appeal rights (Doc. 58 in underlying case, pp. 12-13). The plea agreement then states (*Id.,* emphasis supplied):

> Acknowledging all this, and in exchange for the recommendations and concessions made by the United States in this plea agreement, the **Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law**, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserves the right to appeal the reasonableness of the sentence….
>
> Defendant's waiver of his right to … bring collateral challenges shall not apply to: 1) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit, which is declared retroactive by those Courts, and which renders the defendant actually innocent of the charges covered herein, and 2) appeals based upon Sentencing Guideline amendments which are made retroactive by the United States Sentencing Commission (*see* U.S.S.G. § 1B1.10).

This waiver encompasses the collateral challenge Hall mounts under 28 U.S.C. 2255. The first paragraph quoted above bars the petition, and the second paragraph does not furnish a way around that bar. Clearly, a defendant can waive his right to collateral review as part of a plea agreement. ***See, e.g., Solano v. United States,* 812 F.3d 573, 577 (7th Cir.),** *cert. denied,* **-- U.S. --, 137 S. Ct. 58 (2016) ("As part of a plea agreement, a defendant may validly waive his right to challenge his conviction and sentence on direct appeal or collateral review under 28 U.S.C. § 2255.").**

Such waivers are enforced unless the plea agreement was involuntary, the court relied on a constitutionally impermissible factor (like the defendant's race), the sentence exceeded the statutory maximum, or the defendant claims ineffective assistance of counsel in connection with negotiation of the plea agreement. *Keller v. United States*, **657 F.3d 675, 681 (7th Cir. 2011)**, *citing Jones v. United States*, **167 F.3d 1142, 1144-45 (7th Cir. 1999); *Gaylord v. United States*, 829 F.3d 500, 505 (7th Cir. 2016).**  None of these exceptions applies here.

Hall's appointed counsel, Mr. Cronin, suggests that perhaps waivers are subject to an implicit due process-based exception, i.e., that akin to the reasoning of *Johnson*, they can be challenged on void-for-vagueness grounds.  The Court is not persuaded.  The waiver's wording was in no way vague or confusing.  Nor can it be argued that the waiver failed to provide fair notice of the reach of the provision.

Hall's plea agreement (in the second paragraph quoted above) explicitly left one door to collateral review open.  The waiver as to collateral challenges does *not* apply to any subsequent change in the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit that has been declared retroactive by those Courts *and that rendered Hall actually innocent of the charges*.  Reliance on this provision would be misplaced, because *Johnson* did *not* render Hall actually innocent of the charges he pled guilty to – bank robbery in Counts 1 and 2 in violation of 18 U.S.C. 2113 and 2, and carrying and using a firearm during a crime of violence in violation of 18 U.S.C. 924(c) – all as an aider and abettor of his co-Defendant and half-brother, Jonathan Bohn.

Nothing about the holding of *Johnson* altered the elements of or heightened the proof required for conviction under these statutes.[4]   The undersigned finds the § 2255 waiver enforceable.  That waiver precludes the relief Hall seeks.

### E.   <u>Merits of Petition</u>

Assuming, arguendo, that the waiver provision did not preclude Hall from filing this § 2255 petition *and* that the petition was timely (due to equitable tolling) *and* that Hall did not procedurally default the claim he presents in the petition by failing to raise it on direct appeal,[5] Hall would lose on the merits.

First, relief under § 2255 is limited.   It is "available only in extraordinary situations," requiring an error of constitutional or jurisdictional magnitude or a fundamental defect that resulted in a complete miscarriage of justice.  ***Blake v. United States,*** **723 F.3d 870, 878-79 (7th Cir. 2013).  *Accord United States v. Coleman,* 763 F.3d 706, 708 (7th Cir. 2014).**

---

[4]   *Johnson* stands in contrast to ***Flores-Figueroa v. United States,*** **556 U.S. 646, 657 (2009)**, which changed the proof required for conviction under the aggravated identity theft statute.  In ***Flores-Figueroa,*** an element of the offense of conviction was changed by the Supreme Court's opinion, resulting in the defendant being *actually innocent* of the charge.  *Johnson* did not render Nicholas Hall innocent of the charges he was convicted of in this Court.

[5]   As a general rule, a "claim cannot be raised for the first time in a § 2255 motion if it could have been raised … on direct appeal."  ***McCoy v. United States,*** **815 F.3d 292, 295 (7th Cir. 2016)**, *citing Sandoval v. United States,* **574 F.3d 847, 850 (7th Cir. 2009)**.   More accurately stated, procedurally defaulted claims can only be presented on collateral attack if the petitioner shows both cause and prejudice for his default, ***id.,*** or demonstrates that he is "actually innocent" of the crimes of which he was convicted.  ***Id., citing Torzala v. United States,*** **545 F.3d 517, 522 (7th Cir. 2008)**.   Hall has not shown cause and prejudice and does not assert that he is actually innocent.

Nicholas Hall's convictions were:

Count 1 – Bank Robbery (First Collinsville Bank; 8/15/09),
Count 2 – Bank Robbery (Banterra Bank; 8/28/09), and
Count 3 – Carrying and Using a Firearm During a Crime of Violence (8/28/09).

Hall's pro se petition mentions **Johnson** and **Welch,** but his only argument based thereon states:  "I never used or possessed a firearm, we used notes and I was the driver.  I should not be held on a firearm charge" (Doc. 1, p. 5).  Liberally construed, Hall's petition arguably challenges the imposition of his sentence on **Count 3** (the § 924(c) charge) based on Counts 1 and 2 (the robbery charges) not being crimes of violence.  Building on this, Mr. Cronin offers an argument that, post-**Johnson,** Hall's convictions for aiding and abetting a robbery may no longer constitute crimes of violence.  The Court is unpersuaded.

This case does *not* present the typical **Johnson**-based question of whether a petitioner had the necessary three predicate offenses (violent felonies or serious drug offenses) to merit sentence enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. 924(e)(2).  A quick review of **Johnson**'s holding aids resolution of Hall's petition.  This analysis starts with the ACCA.

As the United States Court of Appeals for the Seventh Circuit summarized in

*Hill v. Werlinger,* **695 F.3d 644, 647 (7th Cir. 2012)**:

> Under the ACCA, an offender who is convicted under 18 U.S.C. § 922(g) as a felon in possession of a firearm and has three prior convictions for a violent felony or serious drug offense receives a mandatory minimum 15–year prison sentence.  18 U.S.C. § 924(e)(1).

Before the 2015 decision in *Johnson*, the ACCA (18 U.S.C. 924(e)(2)(B)) defined "violent felony" as any crime punishable by a year or more in prison that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

The Supreme Court in *Johnson* held unconstitutionally vague the latter part of § 924(e)(2)(B)(ii), the "residual clause" that starts with the phrase "or otherwise involves." *Johnson* struck down part of the ACCA's definition of violent felony.

Hall was *not* sentenced under the ACCA to the mandatory minimum 15-year prison term set forth in § 924(e)(1). Hall was sentenced under § 924(c). Section 924(c)(1)(A), inter alia, mandates an additional punishment for any person who uses or carries a firearm during and in relation to any "crime of violence" or "drug trafficking crime" for which the person can be federally prosecuted. The additional sentence ranges from 5 years to 10 years depending on whether the firearm was used or carried (5 years), brandished (7 years), or discharged (10 years).

Section 924(c)(3) defines "crime of violence" as a felony offense that:

> **(A)** has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Section (A) is referred to as the "use-of-force" or "elements" clause of the statute, and Section (B) is referred to as "risk-of-force" or "residual" clause of § 924(c)(3).

As to Hall's § 924(c)(3) conviction, the PSR (Doc. 67 in the underlying case, ¶ 34) provided that 18 U.S.C. 924(c)(1)(A)(ii) required a mandatory minimum seven-year term of imprisonment to be imposed consecutively to the sentence on the armed robbery counts.  At sentencing, Hall's bank robbery conviction was counted as a crime of violence under § 924(c)(3)(A) – the use-of-force or elements clause.  Both before *Johnson* and after *Johnson*, bank robbery is a crime of violence under § 924(c)(3)(A), because it plainly "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  Hall's plea agreement set forth the elements of the crime of bank robbery (Doc. 58 in underlying case, pp. 5-6):

> FIRST:    The defendant took money that was in the care, custody, control, management or possession of [Count 1: the First Collinsville Bank of Collinsville, Illinois; Count 2: the Banterra Bank of Marion, Illinois], from a bank employee;

> SECOND:    The defendant used intimidation;

> THIRD:    The defendant intentionally assaulted the bank employee or put the life of the bank employee in jeopardy by the use of a dangerous weapon while taking the money; and

> FOURTH:    The deposits of [Count 1: the First Collinsville Bank of Collinsville, Illinois; Count 2: the Banterra Bank of Marion, Illinois], were then insured by the Federal Deposit Insurance Corporation.

Hall admitted that his co-Defendant Bohn violated all these elements and that he (Hall) knowingly aided and abetted Bohn in the commission of the offenses by knowingly associating with them, participating in them, and trying to make them succeed; "thus the Defendant [Hall] agrees and admits that he is guilty of the offenses charged in Counts 1 and 2" (*Id.*, p. 6).

There is no question that bank robbery is a crime of violence.  Hall's argument is that *aiding and abetting* bank robbery is not a crime of violence in the wake of ***Johnson***. In a thorough and well-reasoned opinion in June 2016, the Eleventh Circuit Court of Appeals squarely rejected this argument, as have several federal district courts.[6]

In ***In re Colon***, 826 F.3d 1301, 1303-04 (11th Cir. 2016), the Eleventh Circuit concluded that a conviction for aiding and abetting a robbery constitutes a "crime of violence" under § 924(c)(3).  The Court began by distinguishing the residual clause of the ACCA invalidated in ***Johnson*** from the provisions of § 924(c):

> Distinct from the sentence provisions in § 924(e)(1) of the ACCA, § 924(c)(1)(A) provides for a separate consecutive sentence if any person uses or carries a firearm during and in relation to a crime of violence or drug trafficking crime….
>
> For the purposes of § 924(c), § 924(c)(3)(A) and (B) define "crime of violence" as an offense that is a felony and:
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense….
>
> The former clause is referred to herein as the "use-of-force" clause and that later clause as the "§ 924(c)(3)(B) residual clause."

The Eleventh Circuit pointed out that it is unsettled whether ***Johnson*** extends to § 924(c)(3), but "even if *Johnson's* rule about the ACCA residual clause applies to the § 924(c)(3)(B) residual clause," the petitioner's claim lacked merit because his conviction for aiding and abetting a Hobbs Act robbery, which was charged in the same

---

[6]   *See, e.g., Byrd v. United States,* 2016 WL 4009884, *2 (E.D. Tenn. July 25, 2016); United States v. Torres, 2016 WL 3536839, *3 (M.D. Fla. June 28, 2016).*

indictment as and formed the basis for his § 924(c) count, "clearly qualifies as a 'crime of violence' under the use-of-force clause in § 924(c)(3)(A)." *Id.* **at 1305.**

The Eleventh Circuit directly addressed the principle that aiding and abetting allows an individual to be held criminally liable as the principal:

> Aiding and abetting, under 18 U.S.C. § 2, "is not a separate federal crime, but rather an alternative charge that permits one to be found guilty as a principal for aiding or procuring someone else to commit the offense." *United States v. Sosa*, 777 F.3d 1279, 1292 (11th Cir. 2015) (quotation marks omitted). "A person who 'aids, abets, counsels, commands, induces or procures' the commission of an offense 'is punishable as a principal.' " *United States v. Williams*, 334 F.3d 1228, 1232 (11th Cir. 2003) (quoting 18 U.S.C. § 2). Indeed, "[u]nder § 2, the acts of the principal become those of the aider and abettor as a matter of law." *Id.*

*Id.*

Because Colon's substantive offense (Hobbs Act robbery) is a crime of violence under the use-of-force clause of § 924(c)(3), and because an aider and abettor is responsible for the acts of the principal as a matter of law, an aider and abettor of Hobbs Act robbery "necessarily commits a crime that 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" *Id.* Thus, aiding and abetting a crime of violence qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force or elements clause. This means the petitioner's § 924(c) sentence was valid even if *Johnson* rendered the residual clause of § 924(c)(3)(B) unconstitutional. *Id.*

The Seventh Circuit reached the same conclusion on November 1, 2016. In *United States v. Armour,* **840 F.3d 904, 906 (7th Cir. 2016),** three individuals were federally charged with attempted armed bank robbery. Two of the defendants

(Rogers and Hardy) pled guilty; the third (Armour) opted for trial, and the jury found him guilty of three charges.  One of the charges was *aiding and abetting* attempted armed bank robbery under 18 U.S.C. 2113 and 2; another was a § 924(c) offense.  **Armour, 840 F.3d at 906.**  On appeal, Armour challenged (inter alia) the imposition of a 7-year consecutive sentence on the § 924(c) charge.  The Seventh Circuit pointed out that Armour was not sentenced under the ACCA enhancement invalidated in *Johnson;* he was sentenced (based on his § 924(c)(1)(A) conviction) under § 924(c)(3).

The Court acknowledged that part of the definition of "crime of violence" in § 924(c)(3) "tracks closely" the residual clause struck down in *Johnson*.  **Armour, 840 F.3d at 907.**  After acknowledging that the United States Supreme Court has not resolved whether the residual clause of § 924(c)(3) is unconstitutionally vague, the Seventh Circuit stressed that it did not have to decide the question.   Armour's conviction for attempted bank robbery satisfied the elements clause of § 924(c)(3)'s definition of crime of violence.  **Id. at 908.**  In other words, a conviction under § 924(c)(3)(A) still qualifies as a crime of violence supporting the sentence enhancement, even if the residual clause of § 924(c)(3)(B) is unsound following *Johnson*.

*Armour* and *Colon* instruct that Hall's conviction for aiding and abetting bank robbery remains a crime of violence under § 924(c)(3)**(A)**.  Therefore, if *Johnson* extends to the residual clause of § 924(c)(3)**(B)**,[7] that does not help Hall.  His offenses are crimes

---

[7]     After *Armour* was decided (and all briefs had been filed herein), the Seventh Circuit held that the residual clause of § 924(c)(3)(B) is "virtually indistinguishable" from the clause in *Johnson* found to be unlawfully void and equally void.  **United States v. Cardena, 842 F.3d 959, 996 (7th Cir. 2016)**

of violence under the elements clause of 924(c)(3)**(A)**.  *See also Clark v. United States, --*
**Fed. App'x --, 2017 WL 690754, \*2 (7ᵗʰ Cir. Feb. 21, 2017) (amending § 2255 petition to**
**add *Johnson* claim would have been futile, because attempted armed bank robbery,**
**and even attempted *unarmed* bank robbery, is a crime of violence under the elements**
**clause of § 924(c)(3)(A), which survives the reach of *Johnson*).**

Armed bank robbery, or attempted armed bank robbery, whether by the principal or aider/abettor, is a crime of violence under the elements clause of 18 U.S.C. 924(c)(3)(A).  Hall pled guilty to an offense (bank robbery) that was and still is a crime of violence.  His sentence is not impacted or invalidated by *Johnson*.  His petition would fail on the merits if the Court could bypass the procedural obstacles blocking merits-based disposition.

One other point bears note at this juncture.  Hall's *pro se* petition also reflects his complaint that – after sentencing – his appointed counsel in this Court did not return his phone calls or tell Hall anything about the one-year deadline to file a § 2255 petition (*see* Doc. 1, p. 7, p. 9, p. 11).  To the extent this could be construed as an ineffective assistance of counsel claim, it would be both time-barred (not raised within one year of Hall's judgment becoming final and not starting a new clock based on the holding of *Johnson*) and precluded by the waiver in Hall's plea agreement.

---

**("Accordingly, we hold that the residual clause in 18 U.S.C. § 924(c)(3)(B) is**
**also unconstitutionally vague.").**  The Second Circuit reached the opposite
conclusion in ***United States v. Hill*, 832 F.3d 135, 146-48 (2ⁿᵈ Cir. 2016) (The**
**residual or *risk*-of-force clause of § 924(c)(3)(B) is not void for vagueness via**
***Johnson*).**  The Supreme Court has not yet resolved the issue.

The same holds true for any potential claim based on ***Rosemond v. United States,*** **-- U.S. --, 134 S. Ct. 1240, 1248-52 (2014).**   ***Rosemond*** held that in order to support a § 924(c) conviction on a theory of aiding and abetting another individual's use of a gun, the defendant must have had "advance knowledge" that a gun would be used in furtherance of the crime of violence or drug trafficking crime.   As the Seventh Circuit explained in ***Armour,*** **840 F.3d at 911**:

> Armour did not brandish a firearm himself.   To apply the brandishing enhancement, the jury should have been instructed that the government needed to prove beyond a reasonable doubt that Armour knew in advance not only that Rogers and Hardy would be carrying firearms but also that they would be brandishing them. See *Rosemond v. United States,* 572 U.S. ----, ----, 134 S.Ct. 1240, 1251–52, 188 L.Ed.2d 248 (2014) (to find defendant guilty of aiding and abetting co-defendant's use of firearm in crime of violence under § 924(c), jury would need to find that defendant had advance knowledge of intended use of firearm).

***Rosemond****'s* holding has been declared retroactive.   ***Rosemond*** "addressed the requirements for criminal lability under § 924(c), is a substantive rule," and is applicable retroactively to cases on collateral review.   ***Montana v. Cross,*** **829 F.3d 775, 783-84 (7ᵗʰ Cir. 2016),** *petition for cert. filed* **(U.S. Dec. 19, 2016) (No. 16-775).**

***Rosemond*** was decided on March 5, 2014.   Nicholas Hall had one year from that date in which to file a § 2255 petition raising any claims based on ***Rosemond.***   He did not do so.   The one-year period from March 2014 to March 2015 does not include the time Hall was in segregation, so the record reflects no impediment to a timely-filed

petition based on *Rosemond.*   Indeed, Hall's appointed counsel concedes "any Rosemond claims here are untimely" (Doc. 9, p. 2).[8]

**F.    Conclusion**

Hall's § 2255 petition is barred by the waiver he knowingly executed.   Hall's petition also comes too late.   Any *Johnson*-based claims were not filed within the fresh one-year window triggered by that decision, and he has not satisfied the requirements for equitable tolling of the limitations period.   (Any *Rosemond*-based claim or ineffective assistance claim is likewise time-barred.)   And if the Court could decide Hall's *Johnson*-based claims on the merits, Hall would not prevail, because armed bank robbery (even by an aider and abettor) remains a crime of violence under the elements or use-of-force clause of 18 U.S.C. 924(c)(3)(A).   For all these reasons, the Court **DENIES** Hall's petition and **DISMISSES** this case with prejudice.   Judgment shall enter on behalf of Respondent United States and against Petitioner Hall.

**G.    Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2255 Proceedings requires a district court entering a final order adverse to a petitioner to issue or deny a certificate of appealability.   28 U.S.C. 2253(c)(2) states that a certificate of appealability may issue

---

[8]    The United States argues that the Stipulation of Facts signed by Hall establishes that Hall had the requisite knowledge under *Rosemond.*   Hall knew in advance of both robberies that a robbery was going to occur, he admitted seeing his co-Defendant with the gun right after the first robbery, and he admitted knowing his co-Defendant had a gun for the second robbery.   The United States further argues that Hall is also liable for the § 924(c) offense under *Pinkerton v. United States,* **328 U.S. 640 (1946).**   The undersigned does not reach these arguments, as any *Rosemond*-based claim is plainly untimely.

"only if the applicant has made a substantial showing of the denial of a constitutional right."

This standard requires the petitioner to demonstrate that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the "issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* **537 U.S. 322, 323 (2003),** *citing Slack v. McDaniel,* **529 U.S. 473, 484 (2000).** *See also United States v. Fleming,* **676 F.3d 621, 625 (7th Cir. 2012).**

Nicholas Hall knowingly and voluntarily executed a plea agreement in which – in exchange for concessions by the United States – he gave up the right to file a § 2255 petition (with exceptions not applicable here).  The waiver is binding and will be enforced by the Court.  It dooms Hall's petition.  The petition also is untimely.  If the Court could reach the merits, the undersigned would deny the petition, because after *Johnson*, Hall still has the requisite crime of violence supporting the sentence he received under 18 U.S.C. 924(c)(3)(A).

Hall has not made a substantial showing of the denial of a constitutional right.  Because reasonable jurists would not find this conclusion debatable, the Court **DECLINES** to issue a certificate of appealability.

IT IS SO ORDERED.

DATED: March 22, 2017

*s/ Michael J. Reagan*
Michael J. Reagan
United States District Judge